UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LANA K. WILLIAMS, | ) | 1:12cv0772 DLB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **INFORMATIONAL ORDER** |
| | ) | **FOR PRO SE LITIGANTS** |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff is proceeding pro se in an action seeking judicial review of an administrative decision of the Commissioner of Social Security that denied, in whole or in part, plaintiff's claim for benefits under the Social Security Act.

**This order provides the following helpful information, and basically serves as a step-by-step guide, for pro se litigants. It is strongly suggested that plaintiff read and re-read this order and keep it readily available for future reference.**

///

//

/

1

1        I.    <u>Service of the Complaint</u>

2            As is outlined in the Scheduling Order issued in this

3   case, except when other provisions are made pursuant to an

4   application to proceed in forma pauperis, plaintiff *shall* serve a

5   copy of the **(1)** summons, **(2)** complaint, **(3)** notice of

6   availability of a Magistrate Judge <u>and</u> the form of consent/

7   decline to jurisdiction of United States Magistrate Judge (<u>See</u>

8   Local Rule 73-305(a)), <u>and</u> **(4)** the Scheduling Order, within

9   **twenty (20) days** of plaintiff filing the complaint.

10           If plaintiff is proceeding in forma pauperis, the

11  United States Marshal usually serves the complaint.  However, if

12  plaintiff is not proceeding in forma pauperis, then plaintiff or

13  legal counsel is responsible for service and then filing a proof

14  of service without delay.  <u>See</u> Local Rule 4-210.

15           Lawsuits for review of administrative decisions made by

16  the Commissioner of Social Security are prosecuted against the

17  Commissioner of Social Security.  Fed.R.Civ.P. 4(i)(2) and (3)

18  provides, in substance, that to serve the Commissioner in his

19  official capacity, the party *must* serve **(1)** the United States,

20  <u>and</u> **(2)** the Commissioner.

21           To serve the United States, a party *must*:

22           **(1)**  *deliver* a copy of the summons and complaint to the

23  United States Attorney for the district where the action is

24  brought, <u>or</u> to an Assistant United States Attorney <u>or</u> clerical

25  employee whom the United States Attorney designates in a writing

26  filed with the Court; <u>or</u>, *send* a copy of the summons and

27  complaint, by certified mail *only*, to the Civil Process Clerk at

28  the United States Attorney's Office; and,

1    **(2)** *send* a copy of the summons and complaint, by

2 certified mail *only*, to the Attorney General of the United States

3 in Washington, D.C.; and,

4    **(3)** *send* a copy of the summons and complaint, by

5 certified mail *only*, to the Commissioner (the officer of the

6 United States whose order is challenged by the lawsuit) in San

7 Francisco, CA.  Fed.R.Civ.P. 4(i)(1)-(3).

8    Initial service of process is thus sufficient if

9 plaintiff serves, by certified mail *only*, copies of the summons

10 and complaint on:

11    Office of the United States Attorney
    Civil Process Clerk
12    2500 Tulare Street, Suite 4401
    Fresno, CA 93721

13

    Office of the Attorney General of the United States
14    950 Pennsylvania Avenue, NW
    Washington, D.C. 20530-0001

15

    Office of the General Counsel
16    Social Security Administration
    333 Market Street, Suite 1500
17    San Francisco, CA 94105

18 after which a proof of service must be filed with the Court

19 without delay pursuant to Local Rule 4-210.  If plaintiff is

20 proceeding in forma pauperis, the United States Marshal generally

21 completes the proof of service and files it with the Court;

22 however, if plaintiff is not proceeding in forma pauperis, it is

23 plaintiff's duty to promptly file a proof of service with the

24 Court.

25

26

27

28

1        II.   <u>Attempt at Informal Resolution of the Case</u>

2            Pursuant to the Scheduling Order, within **one hundred**

3   **twenty (120) days** after service of the complaint, defendant is

4   required to serve a copy of the administrative record on

5   plaintiff and also file the administrative record with the Court,

6   which <u>serves as the answer to the complaint in this proceeding</u>.

7            Once the administrative record has been filed, the

8   parties *must* try to resolve the case informally.  In this

9   process, the parties *must* exchange informal briefs in the form of

10  letters about the case to see if they can agree that the case

11  should be sent back, or "remanded," to the Social Security

12  Administration for a further hearing by an administrative law

13  judge.

14           In the letter brief, plaintiff *must* briefly set forth

15  **(1)** the issues in the case, **(2)** the reasons why plaintiff thinks

16  that plaintiff is entitled to Social Security benefits, and **(3)**

17  why the decision to deny benefits should be remanded.

18           The letter brief *must* be marked "Confidential Letter

19  Brief", should <u>not</u> be filed with the Court, and *must* be served on

20  defendant **within thirty (30) days from the date defendant served**

21  **plaintiff with the administrative record, by mailing copies to**

22  **all the attorneys listed on the court docket as representing**

23  **defendant**, Commissioner of Social Security, at the addresses

24  noted on the court docket.

25           The name of the attorney or attorneys representing

26  defendant are added to the court docket at the time the Court

27  receives defendant's response to the complaint which, again,

28  usually consists of the administrative record.  Sometimes the

4

court docket lists not only an attorney at the office of the
General Counsel of the Social Security Administration in San
Francisco, CA, but also an attorney at the United States
Attorney's Office in Fresno, CA; in these particular cases, it
will then be necessary for plaintiff to mail copies of the
confidential letter brief to more than one attorney for
defendant.

Defendant's confidential letter brief *must* be served on
plaintiff no later than **thirty-five (35) days** after defendant is
served with plaintiff's confidential letter brief.

If the parties agree to a remand, then the case will go
back to the Social Security Administration before any formal
briefs are filed with the Court, and without the Court ever
considering the merits of the case.  The parties' agreement to
remand the case *must* be set forth in writing in a document titled
"Stipulation and Order," which *must* be signed and filed with the
Court no later than **fifteen (15) days** after defendant served its
confidential letter brief on plaintiff.  See Local Rule
83-143(a)(1) & (b).

The informal letter briefs exchanged by the parties are
confidential in the sense that they are not filed with the Court.
If the parties are unable to agree to a remand, the letters are
not part of the case file and, thus, are not before the Court if
and when the Court finally considers the case on the merits.

III. Briefs

If, after exchanging confidential letter briefs, the
parties are unable to agree to a remand of the case, then the
parties *must* file formal briefs with the Court as directed in the

1  Scheduling Order.  It is only after the formal briefs are filed

2  with the Court that the Court will consider the merits of the

3  case and make a decision.

4          A.   Plaintiff's Opening Brief

5          Plaintiff's opening brief *must* be filed and served

6  no later than **thirty (30) days** from the date defendant's informal

7  letter brief was served on plaintiff.  Plaintiff *must* serve a

8  copy of the opening brief on <u>all</u> the attorneys listed for

9  defendant on the court docket of the case at the addresses noted

10  on the court docket.

11          Plaintiff *must* also file the original opening

12  brief, together with a copy, with the Court, by either personal

13  delivery or via U.S. mail to:

14          Office of the Clerk
        United States District Court

15          Eastern District of California
        2500 Tulare Street, Suite 1501

16          Fresno, CA 93721

17  Plaintiff's opening brief *must* contain the following:

18          (1)  a plain description of plaintiff's alleged

19  physical or emotional impairments, when plaintiff contends they

20  became disabling, and how they disabled plaintiff from work;

21          (2)  a summary of the administrative proceedings

22  before the Social Security Administration;

23          (3)  a summary of the relevant testimony at the

24  administrative hearing;

25          (4)  a summary of all relevant medical evidence,

26  including an explanation of the significance of clinical and

27  laboratory findings, and the purpose and effect of prescribed

28  medication and therapy;

(5)   a recitation of the Social Security Administration's findings and conclusions relevant to plaintiff's claims;

(6)   a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and,

(7)   argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact *must* be accompanied by citations to the administrative record.   Argument in support of each claim of error *must* be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case.   <u>Briefs that do not substantially comply with these requirements will be stricken</u>.   A document that is stricken becomes null and void and is not considered by the Court for any purpose.

<u>Plaintiff is further advised that failure to timely file an opening brief will result in dismissal of the action</u>.

B.   <u>Defendant's Brief</u>

Pursuant to the Scheduling Order, defendant's responsive brief is due filed and served on plaintiff within **thirty (30) days** from the date of service of plaintiff's opening brief on defendant.

1          C.    Plaintiff's Reply Brief

2              Plaintiff may file a reply brief, but is not

3    required to do so, within **fifteen (15) days** from the date

4    defendant served its responsive brief on plaintiff.  Plaintiff

5    *must* serve a copy of the reply brief on defendant by serving the

6    United States Attorney for the Eastern District of California at

7    the address in Fresno, CA, noted above.  Plaintiff *must* also file

8    the original reply brief, together with a copy, with the Court at

9    the Court's address in Fresno, CA, noted above.

10             Plaintiff's reply brief should respond to the

11   arguments made in defendant's responsive brief.

12   IV.   Motion to Dismiss

13             In some cases, instead of serving and filing an

14   administrative record, defendant may file a motion to dismiss the

15   case pursuant to Fed.R.Civ.P. 12., within **one hundred twenty**

16   **(120) days** from the date defendant is served with plaintiff's

17   complaint.

18             Plaintiff may oppose a motion to dismiss by filing and

19   serving opposition to the motion within **fourteen (14) days** from

20   the date the motion to dismiss was served on plaintiff, and

21   should be titled "Opposition to Defendant's Motion to Dismiss."

22   See Local Rule 78-230(c).

23             The Court will consider a motion to dismiss only after

24   receiving opposition from plaintiff, or after the time for filing

25   opposition has passed.  In ruling on a motion to dismiss the

26   case, the Court may either (1) deny the motion and proceed with

27   the case, ordering the parties to proceed to file the

28   administrative record, attempt informal resolution, and file

briefs; or, (2) grant the motion to dismiss, and dismiss all or part of the case.

V.    The Court's Decision on the Merits

The Court will consider the merits of the case only after _all_ briefs have been filed, and may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration.  The Court may or may not remand the case to the Social Security Administration for a further hearing.

VI.   Summary of Deadline Calculations

| See Section I. above | Service | due **20** days after filing complaint |
|---|---|---|
| See Section II. above | Administrative Record | due **120** days after service |
| See Section III. A. above | Plaintiff's Opening Brief | due **95** days after administrative record lodged with court |
| See Section III. B. above | Defendant's Brief | due **30** days after plaintiff's opening brief filed |
| See Section III. C. above | Plaintiff's Reply Brief – optional | due **15** days after defendant's brief filed |

VII.  Rules for Litigating the Action

Plaintiff is informed of the following:

A.    In litigating this action, the parties _must_ comply with the Federal Rules of Civil Procedure (Fed.R.Civ.P.), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules").  A copy of the Local Rules may be obtained in the Clerk's Office at no charge.

1     Local Rule 8-206 is a special rule for social

2 security actions.  Specifically (a)(2) and (3) generally states

3 that complaints *shall* contain the last four digits of plaintiff's

4 social security number *only*, i.e., XXX-XX-1234, and that

5 plaintiff shall privately disclose to defendant, within **five (5)**

6 **days** after a request is made to plaintiff, the full social

7 security number of plaintiff.

8     Therefore, plaintiff shall refrain from disclosing

9 the entire social security number on any filings.

10     <u>FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL</u>

11 <u>RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS</u>

12 <u>FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS</u>.  <u>See</u> Local Rule

13 11-110; Fed.R.Civ.P. 41(b).

14     B.   Documents intended to be filed with the Court *must*

15 be mailed to the Clerk of the Court in Fresno, CA, at the address

16 noted above.  <u>See</u> Local Rule 5-134(a).  <u>All documents</u>

17 <u>inappropriately mailed directly to a judge's chambers will be</u>

18 <u>stricken from the record</u>.  A document requesting a court order

19 *must* be styled as a motion, <u>not</u> a letter.  <u>See</u> Fed.R.Civ.P. 7.

20     C.   Each document submitted for filing *must* include

21 the original signature of the filing party or parties.  Local

22 Rule 7-131; Fed.R.Civ.P. 11(a).  <u>All documents submitted without</u>

23 <u>the required signature(s) will be stricken</u>.  Each separate

24 document *must* be separately stapled.  <u>See</u> Local Rule 7-130.  If a

25 document is stapled behind another document, it will not be filed

26 and will not enter the court docket.

27     D.   All documents filed with the Court *must* be

28 submitted with an additional legible copy to be conformed for the

1    Court's use.  <u>See</u> Local Rule 5-133(d)(2).  <u>A document submitted</u>

2    <u>without an extra copy for the Court's use will be stricken</u>.  If

3    the filing party wishes the Court to return a file-stamped copy,

4    an additional copy *must* be provided for that purpose (i.e., an

5    original and two copies, one for the Court's use and one to be

6    returned to the filing party), together with a self-addressed,

7    stamped envelope.  <u>The Court cannot provide copy or mailing</u>

8    <u>service for a party, even for an indigent plaintiff proceeding in</u>

9    <u>forma pauperis</u>.  Copies of documents from the Court's file may be

10   obtained in the Clerk's Office at the cost of fifty ($.50) cents

11   per page.

12          E.   After any defendant has appeared in an action by

13   filing a pleading responsive to the complaint (i.e., an answer or

14   a motion to dismiss), all documents filed with the Court *must*

15   include a proof of service stating that a copy of the document

16   was served on the opposing party.  *See* 28 U.S.C. § 1746;

17   F.R.Civ.P. 5; Local Rule 5-135.  **A document submitted without the**

18   **required proof of service will be stricken**.  Where a party is

19   represented by counsel, service on the party's attorney of record

20   constitutes effective service.

21          F.   A pro se party has an affirmative duty to keep the

22   Court and opposing parties apprised of a current address.  If

23   plaintiff moves and fails to file a notice of change of address,

24   service of court orders at plaintiff's prior address shall

25   constitute effective notice.  <u>See</u> Local Rule 83-182(f).  If mail

26   directed to plaintiff is returned by the United States Postal

27   Service as undeliverable, the Court will not attempt to re-mail

28   it.  <u>If plaintiff's address is not updated, in writing, within</u>

1  **sixty (60) days** of mail being returned, the action will be

2  dismissed for failure to prosecute.   See Local Rule 83-183(b).

3

4      IT IS SO ORDERED.

5      **Dated:   May 23, 2012          /s/ Dennis L. Beck**

6                                 UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28