1
2
3
4
5
6
7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   LANA K. WILLIAMS, | Case No.  1:12-cv-00772-LJO-SAB |
| 12             Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| | RECOMMINDING THAT PLAINTIFF'S |
| 13        v. | SOCIAL SECURITY APPEAL BE |
| | GRANTED AND THAT THIS ACTION BE |
| 14   COMMISIONER OF SOCIAL SECURITY, | REMANDED FOR FURTHER |
| | ADMINISTRATIVE PROCEEDINGS |
| 15             Defendant. | |
| | ECF NO. 1 |
| 16 | |
| | OBJECTIONS DUE WITHIN THIRTY (30) |
| 17 | DAYS |

18        On May 2, 2012, Plaintiff Lana K. Williams ("Plaintiff") filed this action seeking judicial

19   review of the final decision of Defendant Commissioner of Social Security ("Defendant" or

20   "Commissioner") concerning Plaintiff's benefits under the Social Security Act.  (ECF No. 1.)

21        For the reasons set forth below, the Court recommends that Plaintiff's Social Security

22   appeal be granted and that this action be remanded for further findings.

23                                           I.

24                   **FACTUAL AND PROCEDURAL BACKGROUND**[1]

25        Plaintiff applied for widow's insurance benefits on June 7, 2006.  (AR 11.)  On June 12,

26   2006, Plaintiff was notified that she was entitled to such benefits beginning in June 2006 and

27   _____

28   [1] Citations to the Social Security Administrative Transcript will be designated as "AR" (administrative record). Page numbers will refer to the page numbers as stamped and indexed in the lodged transcript.  (See ECF No. 12.)

1    would receive $887 per month.  (AR 11.)  However, on December 2, 2007, Plaintiff received

2    notice that she had been overpaid by $22,068 due to an error by the Social Security

3    Administration.  (AR 11-12.)  Plaintiff's benefits were reduced to the correct amount and the

4    Social Security Administration informed Plaintiff that it would be withholding the benefits until

5    it could be determined whether those benefits would have to be reduced.  (AR 12.)

6         On January 20, 2008, the Social Security Administration informed Plaintiff that it would

7    withhold $22,090 in overpaid benefits.  (AR 12.)  Plaintiff's next check would be for $16,526,

8    with $607 per month afterward.  (AR 12.)  Plaintiff sought reconsideration of this determination.

9    (AR 12.)  The Social Security Administration affirmed its prior decision after determining that

10   the offset calculation was correct.  (AR 12.)  On July 7, 2010, Administrative Law Judge Stephen

11   W. Webster issued his written decision finding that the offset calculation was correct.  (AR 14.)

12   The Social Security Administration denied Plaintiff's request for review on March 6, 2012.  (AR

13   3.)

14                                         **II.**

15   **LEGAL STANDARDS FOR JUDICIAL REVIEW OF SOCIAL SECURITY**
                                    **DETERMINATIONS**
16

17        An individual may obtain judicial review of any final decision of the Commissioner of

18   Social Security regarding entitlement to benefits.  42 U.S.C. § 405(g).  The Court "reviews the

19   Commissioner's final decision for substantial evidence, and the Commissioner's decision will be

20   disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v.

21   Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012).    "Substantial evidence" means more than a

22   scintilla, but less than a preponderance.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996)

23   (internal quotations and citations omitted).  "Substantial evidence is 'such relevant evidence as a

24   reasonable mind might accept as adequate to support a conclusion.'"  Id. (quoting Richardson v.

25   Perales, 402 U.S. 389, 401 (1971)).  "[A] reviewing court must consider the entire record as a

26   whole and may not affirm simply by isolating a specific quantum of supporting evidence."  Hill,

27   698 F.3d at 1159 (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)).

28   However, it is not this Court's function to second guess the ALJ's conclusions and substitute the

                                           2

1  Court's judgment for the ALJ's.   See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)

2  ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's

3  conclusion that must be upheld.")

**III.**

**DISCUSSION AND ANALYSIS**

**A.   Waiver of Overpayment Recovery**

As an initial matter, the Court notes that the ALJ declined to address the issue of whether

the Social Security Administration waived their right to collect the overpayment in his written

decision.  (See AR 11 ("The claimant's additional requests for waiver of and reimbursement for

the already-recovered offset ... are not within the present jurisdiction.")).  "The Social Security

Act provides for waiver of overpayments if (1) a claimant is without fault in receiving the

payment and (2) requiring repayment would either defeat the purposes of Title II or would be

against equity and good conscience."  Quinlivan v. Sullivan, 916 F.2d 524, 526 (9th Cir. 1990)

(citing 42 U.S.C. § 404(b)).  "Congress intended a broad concept of fairness to apply to waiver

requests, one that reflects the ordinary meaning of the statutory language and takes into account

the facts and circumstances of each case."  Id. at 427.

Neither the ALJ nor Defendant cites any authority supporting the proposition that the

ALJ may decline to address an issue because it is "not within the present jurisdiction."  It is

unclear what legal standard or what factual circumstances would permit the ALJ to decline to

address an issue raised by a claimant before the ALJ.  Indeed, such a proposition would be

inconsistent with the ALJ's independent duty to fully and fairly develop the record and to assure

that the claimant's interests are considered.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir.

2001).  "When the claimant is unrepresented ... the ALJ must be especially diligent in exploring

for all the relevant facts."  Id. (citing Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978)).  "The

ALJ's duty to develop the record fully is also heightened where the claimant may be mentally ill

and thus unable to protect her own interests."  Id. (citing Higbee v. Sullivan, 975 F.2d 558, 562

(9th Cir. 1992).

/ / /

3

1    In this case, Plaintiff was unrepresented at the hearing before the ALJ.  Moreover, the

2    administrative record indicates that Plaintiff was found to be disabled by the Social Security

3    Administration due to mental health impairments (stress, anxiety and depression).  (AR 57.)

4    Thus, the ALJ had an independent duty to be especially diligent in exploring the relevant facts

5    and ensuring that Plaintiff's interests are considered.

6    Moreover, the record includes ample documentation of Plaintiff's efforts to raise the

7    waiver issue long before the June 22, 2010 hearing with the ALJ.  Thus it is unclear how this

8    issue was not within the ALJ's jurisdiction.  The earliest document in the administrative record

9    sent from Plaintiff to the Social Security Administration pertaining to the overpayment, offset

10   and waiver issues is a Request for Reconsideration dated August 17, 2006.  (AR 79.)  In this

11   request, Plaintiff wrote:

12              I filed a request for waiver on 7/24/06.[2]  I do not believe that the
             overpayment recovery from my social security check should have
13           begun until a decision was made on the waiver request...."

14   (AR 79.)

15   Plaintiff also appears to have filed a request for Reconsideration dated October 22, 2008.

16   (AR 24-25.)    In this notice, Plaintiff contends that she filed a previous "Notice of

17   Reconsideration" and "Request for Accounting and Waive[sic] of Overpayment."  (AR 25.)

18   This notice also mentions the fact that the Plaintiff was not at fault for the overpayment.  (AR

19   25.)  Plaintiff also mentions that she cannot afford necessary expenses such as secondary

20   insurance--issues pertaining to fairness and equity that are relevant to the waiver analysis.  (AR

21   25.)

22   In a Request for Hearing by Administrative Law Judge dated October 21, 2009, Plaintiff

23   wrote that "This claim needs to include waive[sic] of overpayment."  (AR 37.)  A handwritten

24   document dated June 15, 2010 titled "Relief" makes reference to a "Waived Overpayment July

25   2007" in the amount of "22,068."  (AR 96.)  Plaintiff also references this waived overpayment in

26

27   _____
    [2] The administrative record does not include any request for waiver from July 24, 2006.  There does not appear to be
28   any correspondence in the administrative record bearing that date.  Thus, it is unclear what Plaintiff filed or what
    happened to whatever it was that Plaintiff filed.

4

1    a letter dated August 25, 2010.  (AR 97.)

2         During the hearing before the ALJ on June 22, 2010, the ALJ mentioned that waiver was
3    a possible issue:

> ALJ:          ... And the third issue is should the overpayment be
> waived.
> CLMT:          It was waived.  Oh, yes.

6    (AR 107.)  Plaintiff argued that the overpayment was waived at the hearing:

> CLMT:          ... But I would like this overpayment waived
> because they said that I was on my Widow's at the time.  They
> finally admitted that.  I went back to prove my Disability Widow's
> [sic] to waive the overpayment.

10   (AR 113.)

11        Given the ALJ's heightened duty to develop the record and to assure Plaintiff's interests
12   are considered, the repeated references to the waiver issue in the written record, and the fact that
13   the ALJ himself raised the waiver issue at the hearing, the Court finds that the ALJ erred in
14   declining to address the waiver issue in his written decision.  The Court recommends that this
15   action be remanded to the Commissioner to determine whether the overpayment issue was
16   waived.

17        **B.    Substantial Evidence Does Not Support the ALJ's Decision**

18        Even if waiver did not apply, the administrative record as constituted before this Court is
19   not sufficient to support the ALJ's decision.    Specifically, the ALJ's findings that an
20   overpayment existed and that the amount withheld were not supported by substantial evidence.

21        The ALJ determined that the existence of the overpayment was not an issue because
22   Plaintiff admitted that there had been an overpayment:

> However, by making the requests for waiver and reimbursement,
> the claimant admits that there had been overpayment(s), so there is
> no issue regarding whether any overpayment existed.

25   (AR 11.)

26        The ALJ's reasoning here is flawed.  The fact that Plaintiff attempted to assert the waiver
27   issue does not constitute an admission that an overpayment existed.  It is permissible for litigants
28   to present alternative legal theories to support their claim for relief--nothing prohibits a Social

5

Security claimant from challenging both the existence of an overpayment in addition to presenting the alternative argument that any overpayment was waived.  See McCarthy v. Apfel, 221 F.3d 1119 (9th Cir. 2000) (claimant challenged both fact and amount of overpayment as well as issue of waiver).  Further, the fact that Plaintiff sought reimbursement does not constitute an admission that an overpayment existed.  A claimant challenging the existence of an overpayment would seek reimbursement of the money wrongfully withheld as an improper overpayment.

The record is confusing and unclear as to the existence of an overpayment.  A December 3, 2007 Notice of Award states that Plaintiff was overpaid $4,074.00 between June 2006 and November 2007 and also received a previous overpayment of $17,994.00.  (AR 15.)  It is unclear where the previous $17,994.00 overpayment came from, why it was paid, why it should not have been paid, or when it was paid.  A January 20, 2008 notice states that Plaintiff received a $22,090.00 overpayment and $22,068.00 was withheld to recover the overpayment.  (AR 21.)  It is unclear how the overpayment grew to $22,090.00 when it was previously $22,068.00.  It is also unclear why the amount withheld differs from the amount overpaid.  Another worksheet indicates that Plaintiff was only overpaid $0.50 between 1997 and 2008.  (AR 26.)  Another worksheet identifies a $19,329.00 overpayment identified as an SSI overpayment.  (AR 27.)  This amount appears in other notices sent to Plaintiff.  (AR 34.)  However, it is unclear where this $19,329.00 came from, why it was paid, why it should not have been paid, or when it was paid.

Given the ALJ's reasoning, as noted above, in determining that the existence of an overpayment was admitted by Plaintiff, as well as the inconsistent numbers that appear in the record, the lack of any detailed accounting or explanation for those numbers and the absence of any explanation in the ALJ's written decision, the Court finds that the ALJ's decision is not supported by substantial evidence.  Accordingly, the Court recommends that this action be remanded to the Commissioner for further findings as to whether an overpayment exists and the amount of the overpayment.

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.**

**CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court finds that the ALJ erred in declining to address the issue of whether the Social Security Administration waived the overpayment to Plaintiff and the ALJ's finding that an overpayment existed was not supported by substantial evidence.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's appeal from the decision of the Commissioner of Social Security be GRANTED and that this action be REMANDED to the Commissioner for further administrative proceedings.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   __April 8, 2014__

   _____
   UNITED STATES MAGISTRATE JUDGE

7